ENTERED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 3 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE MELLEMA, | 3:08-CV-00264-RCJ-(RAM) |
| Plaintiff, | **MINUTE ORDER** |
| vs. | July 7, 2010 |
| STATE OF NEVADA BOARD OF PSYCHOLOGICAL EXAMINERS, | |
| Defendant. | |

THE HONORABLE __ROBERT C. JONES__, UNITED STATES DISTRICT JUDGE

DEPUTY CLERK: ____NONE APPEARING____   REPORTER: __NONE APPEARING__

COUNSEL FOR PLAINTIFF(S): _____NONE APPEARING_____

COUNSEL FOR DEFENDANT(S): _____NONE APPEARING_____

**MINUTE ORDER IN CHAMBERS:**

On June 3, 2008, the Court granted Plaintiff Michelle Mellema leave to proceed in forma pauperis and she filed her complaint against Defendant State of Nevada, Board of Psychological Examiners for the Board's alleged failure to investigate her complaint against a board licensee. Plaintiff caused service upon Laverta Mackie, Executive Director of the Board on August 18, 2008. On April 7, 2009, the Clerk of the Court sent notice to Plaintiff that she must effect service in compliance with Rule 4 of the Federal Rules of Civil Procedure within 120 days of filing her complaint. The Clerk's notice was returned as undeliverable. Plaintiff then notified the Court that her mail was returned as undeliverable in error and asked the Court to resend any correspondence. Plaintiff then continued to litigate her case, even

///

pursuing appeal. The Court's further correspondence with Plaintiff have been returned as undeliverable. Presently before the Court is Defendant's Motion to Dismiss (#37).

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P 4(c)(1). "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). To serve a state or a state-created organization subject to suit, the plaintiff must either deliver a copy of the summons and the complaint to the state's chief executive officer or serve "a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Nevada law, in an action against the State of Nevada, the plaintiff must serve the summons and a copy of the complaint upon the Attorney General or her designee and the administrative head of the agency. Nev. Rev. Stat. § 41.031(2).

Defendant moves to dismiss for failure to timely serve. It has been well over 120 days since Plaintiff filed her complaint, yet she has not effected service upon the Attorney General or her designee. This factor alone warrants dismissal without prejudice. Defendant has also moved to dismiss for failure to state a claim for which relief may be granted under Rule 12(b)(6). Plaintiff has not filed an opposition to Defendant's motion to dismiss, constituting consent to dismissal. See LR 7-2(d).

Other factors also counsel towards dismissal. It appears that Plaintiff has changed her address without providing written notice to the Court and Defendant. The Court may dismiss with prejudice for this failure. See LSR 2-2. Finally, Plaintiff's last filing in this matter occurred on July 8, 2009. The Court may dismiss civil matters where there has been no proceeding of record for nine months for want of prosecution. See LR 41-1.

"Failure to follow a district court's local rules is a proper grounds for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995). Before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court finds that all factors favor treating Plaintiff's failure to oppose as consent to dismissal with prejudice because Plaintiff has made stopped litigating her own case and made further adversarial proceedings impossible by not providing a reliable contact address. Furthermore, Plaintiff's complaint lacks merit. "The law is well settled that the right to review an administrative decision is limited to those parties to the proceedings before the administrative agency whose rights, privileges, or duties are affected by the decision." *Eikelberger v. Nevada State Bd. of Accountancy*, 531 P.2d 853, 854 (Nev. 1975).

IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss (#37) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 3rd day of August, 2010.

_____
Robert C. Jones
United States District Judge